UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| **AMBER R. LANDRUM,** ) | |
| ) | |
| **Plaintiff,** ) | |
| ) | |
| v. ) | Case No. 08-CV-0283-CVE-PJC |
| ) | |
| **WAKEFIELD & ASSOCIATES, INC.** ) | |
| **and ISAIAH STEGALL,** ) | |
| ) | |
| **Defendants.** ) | |

## OPINION AND ORDER

Now before the Court is Defendant Wakefield & Associates, Inc.'s (Wakefield) Motion to Dismiss Plaintiff's Complaint and Brief in Support (Dkt. # 24). Wakefield asks the Court to dismiss plaintiff's gender discrimination and retaliation claims under Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e, as amended, et seq. (Title VII), because plaintiff did not file suit within 90 days of receiving her right-to-sue letter from the Equal Employment Opportunity Commission (EEOC).

### I.

Plaintiff alleges that she was employed by Wakefield beginning in July 2006. She claims that she attended a company dinner on December 22, 2006 at a local restaurant and had two glasses of wine with dinner. Plaintiff allegedly left the dinner around 9:30 p.m. and went to a bar with her supervisor, Isaiah Stegall, and two other male employees of Wakefield, Brent Wilson and "Frank." She claims that she ordered a Long Island Iced Tea and a shot of tequila. Plaintiff alleges that she went to the restroom and Stegall ordered a second shot of tequila and Long Island Iced Tea for her before she went to the restroom. When she returned, she states that she finished her first Long Island Iced Tea and both shots of tequila, but she does not remember drinking the second Long

Island Iced Tea. Plaintiff alleges that the second shot of tequila contained a date-rape drug and she lost consciousness after finishing the second shot of tequila. She claims that Stegall, Wilson, and "Frank" transported her to Stegall's office and Stegall raped her.

Plaintiff reported the incident to her employer, and Stegall was fired. She claims that Stegall was a popular supervisor and other employees blamed her for Stegall's termination. She also claims that Wakefield required her to work in close proximity with Wilson and "Frank" and she felt uncomfortable working with them. She felt that she was no longer able to work at Wakefield due to the uncomfortable work environment and alleges that she was constructively discharged in retaliation for reporting Stegall's conduct.

Plaintiff filed a charge with the EEOC on October 9, 2007, alleging claims of gender discrimination and retaliation. Dkt. # 24, Ex. 2. The EEOC reviewed plaintiff's charge but was unable to conclude that plaintiff had established a violation of Title VII. Id., Ex. 3. The EEOC sent a right-to-sue letter to plaintiff on Thursday, February 7, 2008, but she does not remember when she received the letter. Wakefield states that it received a copy of the right-to-sue letter on Monday, February 11, 2008. Id., at 2 n.2. Plaintiff filed her complaint in this case on May 14, 2008. However, she claims that her former attorney, Mustafa Engin Derkunt,[1] placed the complaint in the mail on Saturday, May 10, 2008. Dkt. # 29, at 1. Wakefield argues that plaintiff's complaint was filed at least 92 days after she was deemed to have received the right-to-sue letter and her Title VII claims should be dismissed due to plaintiff's failure to file suit within 90 days of receiving her right-to-sue letter.

---

[1] Plaintiff was represented by counsel when she filed this action, but counsel has since withdrawn from the representation and plaintiff is proceeding pro se. Dkt. ## 9, 10.

## II.

A motion to dismiss is properly granted when a complaint or counterclaim provides no "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 127 S. Ct. 1955, 1965 (2007). In considering a motion to dismiss under Fed. R. Civ. P. 12(b)(6), a court must determine whether the claimant has stated a claim upon which relief may be granted. A complaint must contain enough "facts to state a claim to relief that is plausible on its face" and the factual allegations "must be enough to raise a right to relief above the speculative level." Id. at 1965, 1974 (citations omitted). "Once a claim has been stated adequately, it may be supported by showing any set of facts consistent with the allegations in the complaint." Id. at 1969. For purposes of making the dismissal determination, a court must accept all the well-pleaded allegations of the complaint as true, even if doubtful in fact, and must construe the allegations in the light most favorable to the claimant. Id. at 1965; Alvarado v. KOB-TV, L.L.C., 493 F.3d 1210, 1215 (10th Cir. 2007); Moffett v. Halliburton Energy Servs., Inc., 291 F.3d 1227, 1231 (10th Cir. 2002). However, a court need not accept as true those allegations that are conclusory in nature. Erikson v. Pawnee County Bd. of County Comm'rs, 263 F.3d 1151, 1154-55 (10th Cir. 2001) (citations omitted). "[C]onclusory allegations without supporting factual averments are insufficient to state a claim upon which relief can be based." Hall v. Bellmon, 935 F.2d 1106, 1109-10 (10th Cir. 1991).

### III.

Wakefield asserts that plaintiff filed her lawsuit at least 92 days after receiving her right-to-sue letter and her suit is untimely. Plaintiff does not know when she received her right-to-sue letter, but she asks the Court to assume that it could take at least six days after mailing for her to receive a right-to-sue letter from the EEOC. She impliedly asks the Court to deem her complaint filed at the time of mailing, rather than the time the complaint was actually filed.

After receiving a right-to-sue letter from the EEOC, a plaintiff has 90 days from the date she received the letter from the EEOC to file a lawsuit against her employer. 42 U.S.C. § 2000e-5; Jackson v. Continental Cargo-Denver, 183 F.3d 1186, 1189 (10th Cir. 1999). If the complaint was filed more than 90 days after the plaintiff received notice of her right to sue, it will be considered untimely. Noe v. Ward, 754 F.2d 890 (10th Cir. 1985). Although the 90 day period is subject to equitable tolling, this doctrine is applied strictly and the plaintiff must show "active deception of the claimant regarding procedural requirements" for equitable tolling to apply. Jarrett v. US Sprint Communications Co., 22 F.3d 256, 260 (10th Cir. 1994).

Plaintiff states that she has no clear recollection of when she actually received the right-to-sue letter and the Court must apply a presumption to determine when her 90 day period to file a lawsuit began to run.[2] The Tenth Circuit has not adopted a presumption for determining when a right-to-sue letter is deemed received. See Lazano v. Ashcroft, 258 F.3d 1160 (10th Cir. 2001). However, the Tenth Circuit has noted that a three day presumption under Fed. R. Civ. P. 6(d) or a

---

[2]  Plaintiff asks the Court to find that it could take up to six days for mail to travel from Tulsa, Oklahoma to Kerrville, Texas due to delays in the mailing process. Dkt. # 29, at 1. However, this request is not supported by any legal authority and the Court finds that plaintiff's proposed six day time period for receipt is unreasonable.

five day common law presumption may be used. Witt v. Roadway Express, 136 F.3d 1424, 1429 (10th Cir. 1998) (approving use of five day presumption); Jarrett, 22 F.3d at 259-60 (applying three day presumption under former Rule 6(e) to determine date of receipt). The Tenth Circuit has not expressed a preference for either presumption. In this case, it makes no difference, because the receipt date is the same regardless of which presumption is applied. The EEOC mailed the right-to-sue letter to plaintiff on February 7, 2008. Applying a three day statutory presumption, excluding weekends, plaintiff is deemed to have received her right-to-sue letter on February 12, 2008. If the Court were to apply a five day common law presumption, plaintiff is also deemed to have received the right-to-sue letter on February 12, 2008. Therefore, the Court finds that plaintiff received her right-to-sue letter on February 12, 2008 for the purpose of ruling on Wakefield's motion to dismiss.

The docket sheet clearly establishes plaintiff's complaint was filed on May 14, 2008. Plaintiff claims that her attorney placed the complaint in the mail on May 10, 2008 and the mail ordinarily takes two days to travel from Austin, Texas to Tulsa, Oklahoma. She implies that a "mishap" must have occurred that caused her mail to arrive to the Court Clerk on May 14 instead of May 12, 2008. When a complaint is mailed, filing occurs only when the complaint is received by the Court Clerk and filed of record. Scott v. United States Veteran's Administration, 929 F.2d 146, 147 (5th Cir. 1991) ("The relevant date for purposes of a statutory time limitation is the date a complaint is received by the Clerk."). The Supreme Court has adopted a mailbox rule for incarcerated litigants, but this rule has not been extended to any other class of litigants. See Houston v. Lack, 487 U.S. 266 (1988) (adopting mailbox rule for litigants who are pro se prisoners). Although a Title VII litigant may be able to show that the 90 day limitation period should be equitably tolled, plaintiff makes no argument on this issue and her former attorney's failure to mail

the complaint in a timely manner is not sufficient grounds for equitable tolling. Irwin v. Dep't of Veterans Affairs, 498 U.S. 89, 101-02 (1990) (concept of equitable tolling does not apply to "garden variety claim of excusable neglect"). The Court finds that plaintiff has not shown that equitable tolling of the 90 day limitation period is appropriate, and her complaint was filed on May 14, 2008 for the purpose of determining whether her complaint was timely filed.

Applying a receipt date of February 12, 2008 and a filing date of May 14, 2008, the Court finds that plaintiff's complaint was filed 92 days after she received her right-to-sue letter and her Title VII claims against Wakefield should be dismissed. Although plaintiff's complaint was untimely by only two days, the 90 day limitation period is strictly applied and a Title VII claim must be dismissed if it is filed even one day late. Baldwin County Welcome Ctr. v. Brown, 466 U.S. 147 (1984) ("Procedural requirements established by Congress for gaining access to the federal courts are not to be disregarded by courts out of a vague sympathy for particular litigants."); Jarrett, 22 F.3d at 260 (plaintiff has the burden to come forward with evidence supporting even a brief equitable tolling of Title VII's procedural requirements); Johnson v. Al Tech Specialties Steel Corp., 731 F.2d 143, 146 (2d Cir. 1984) ("While the 90-day rule is not a jurisdictional predicate, 'in the absence of a recognized equitable consideration, the court cannot extend the limitations period by even one day.'"). Plaintiff's argument concerning her former attorney's decision to mail the complaint on a Saturday before a Monday deadline falls within the category of "garden variety" attorney neglect, and is not sufficient to extend the 90 day limitations period.

**IT IS THEREFORE ORDERED** that Defendant Wakefield & Associates, Inc.'s Motion to Dismiss Plaintiff's Complaint and Brief in Support (Dkt. # 24) is **granted** insofar as plaintiff's Title VII claims are **dismissed**[3] and Wakefield & Associates, Inc. is **terminated** as a party to this action.

**DATED** this 2nd day of March, 2009.

CLAIRE V. EAGAN, CHIEF JUDGE
UNITED STATES DISTRICT COURT

---

[3] Wakefield's motion to dismiss requests dismissal of plaintiff's complaint. However, plaintiff's complaint alleges Title VII claims against Wakefield and separate tort claims of battery and intentional infliction of emotional distress against Stegall. Stegall has not been served, but plaintiff's claims against him are still pending. Even though defendant's motion to dismiss should be granted, the complaint should not be dismissed in its entirety.